**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| LINDSAY COOLEY,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF PUBLIC SAFETY, FAIRBANKS CORRECTIONAL CENTER, and JUDICIAL SERVICES,<br><br>Defendants. | Case No. 4:25-cv-00029-SLG |
| LINDSAY COOLEY,<br><br>Plaintiff,<br><br>v.<br><br>MARYANN SANDERS, FAIRBANKS CORRECTIONAL CENTER MEDICAL, and MEDICAL ACTION COMMITTEE,<br><br>Defendants. | Case No. 4:25-cv-00034-SLG |

**ORDER OF DISMISSAL & NOTICE OF STRIKES**

On January 26, 2026, the Court issued a combined Screening Order for the two above captioned cases filed by self-represented prisoner Lindsay Alan Cooley ("Plaintiff"), found them deficient, but granted Plaintiff leave to file a First Amended Complaint or a Notice of Voluntary Dismissal for both actions.[1] The

[1] Docket 5.

Court warned Plaintiff that failure to file either document with the Court within 60 days of the Court's Screening Order would result in the dismissal of each of these cases as a "strike" without further notice to Plaintiff.[2] On June 5, 2026, the Court addressed Plaintiff's additional concerns that he had set forth a letter to the Court.[3] Again the Court warned Plaintiff that failure to file either document with the Court within 60 days of the Court's Omnibus Order would result in dismissal of each of these cases as a "strike" without further notice to Plaintiff.[4] Since that date, Plaintiff has not responded or otherwise contacted the Court.

## DISCUSSION

Rule 41(b) of Federal Rules of Civil Procedure permits dismissal due to a plaintiff's failure to prosecute or comply with a court order. In deciding whether to dismiss on this basis, a district court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[5]

---

[2] Docket 5 at 14–15, 18.

[3] Docket 8.

[4] Docket 8 at 9.

[5] *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Here, the first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal.[6] Plaintiff's failure to respond within the specified timeline suggests Plaintiff does not intend to litigate these actions diligently.[7] Further, a presumption of prejudice to a defendant arises when the plaintiff unreasonably delays prosecution of an action.[8] Because Plaintiff has not offered any justifiable reason for failing to meet the Court's deadline, the third factor also favors dismissal.[9] The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.[10]

"At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines ... cannot move forward toward resolution on the merits."[11] The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it

[6] *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.").

[7] *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (noting that a plaintiff has the burden to move toward disposition at a reasonable pace and to refrain from dilatory and evasive tactics).

[8] *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[9] *See, e.g., Hernandez,* 138 F.3d at 401 (reiterating that the burden of production shifts to the defendant to show at least some actual prejudice only after the plaintiff has given a non-frivolous excuse for delay).

[10] *Pagtalunan*, 291 F.3d at 643.

[11] *In re Phenylpropanolamine Prod. Liab. Litig.,* 460 F.3d 1217, 1228 (9th Cir. 2006).

warned the [uncooperative] party about the possibility of case-dispositive sanctions."[12] The Court's Orders at Dockets 5 and 8 accorded Plaintiff an opportunity to file an Amended Complaint and warned him of the potential dismissal of these actions in the event of noncompliance.[13]

Based on the foregoing, these cases must be dismissed for failure to prosecute.[14] The Court finds no other lesser sanction to be satisfactory or effective here.[15] Because Plaintiff was a prisoner at the time these cases were filed, each of these dismissals will count as a "strike" under § 1915(g).[16]

## THE THREE STRIKES RULE

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous, malicious, or fails to state a claim upon which relief may be granted[.]"[17]

---

[12] *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills,* 482 F.3d 1091, 1096 (9th Cir. 2007) (internal citation omitted).

[13] *Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir. 1992) ("A district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement.") (citation and quotations omitted).

[14] *Id.*

[15] *See, e.g., Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (noting that a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted).

[16] *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (holding that when a district court dismisses a complaint on the ground that it fails to state a claim but grants leave to amend, and the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)).

[17] 28 U.S.C.A. § 1915(g).

The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[18] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, he is under imminent danger of serious physical injury, and that danger must fairly traceable to the unlawful conduct of the defendants alleged in the complaint and redressable by the Court.[19] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[20] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[21] The dismissal of each of Plaintiff's cases shall count as a strike.

**IT IS THEREFORE ORDERED:**

1. Both actions are **DISMISSED without prejudice**.

2. Each dismissal shall count as a **"strike"** under 28 U.S.C. § 1915(g), which may limit Plaintiff's ability to bring future civil rights cases in federal court.

---

[18] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[19] 28 U.S.C. § 1915(g); *see also Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

[20] *Andrews v. Cervantes,* 493 F.3d 1047, 1056 (9th Cir. 2007).

[21] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

3. All pending motions in each cases are **DENIED as moot.**

4. The Clerk of Court shall issue a final judgment and close each case.

DATED this 26th day of August, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE